UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY; et al.,<br><br>    Defendants.<br>                                      / | No. C 05-1628 SI (pr)<br><br>**ORDER DENYING MOTION FOR INTRA-DISTRICT TRANSFER AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

A.    <u>Motion For Intra-District Transfer</u>

Defendant Bernal has moved for an intra-district transfer pursuant to Northern District Civil Local Rule 3-2(f). He wants this action transferred to the San Jose division because a substantial part of the events or omissions which gave rise to the claim occurred in Santa Clara County.

Local Rule 3-2(c) provides: "except for . . . Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises." Local Rule 3-2(f) allows for the transfer of an action to the correct division when the court finds "that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district,. . . subject to the provisions of the Court's Assignment Plan." The assignment plan is set out in

Northern District General Order 44. General Order 44(D)(7) provides for the assignment of "any non-capital civil action filed by a prisoner to the same Judge who was assigned any previous actions filed on behalf of that prisoner."

The acts and omissions that gave rise to the complaint took place while plaintiff was in the Santa Clara County Jail awaiting civil commitment proceedings under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. As a person awaiting civil commitment proceedings, plaintiff technically is not a prisoner. See Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000). However, involuntarily detained persons such as those subject to the SVPA are treated as being included in the Northern District's assignment plan for prisoner cases.[1] Prisoner cases are assigned district-wide and are exempted from the rule for assignment to a division serving the county in which the action arises.

The court also sees little convenience in reassigning this case to the San Jose division. Because plaintiff is incarcerated, there will be few hearings in this case requiring any party to be physically present in the courthouse and the trial (if there is one) likely will be the only proceeding requiring any party to be physically present in the courthouse. Additionally, moving defendant's attorney has his office across the street from the San Francisco courthouse and more than 40 miles away from the San Jose courthouse.

For the foregoing reasons, the motion for an intra-district transfer is DENIED. (Docket # 17.)

B.   Motion For Default Judgment

Plaintiff filed a "request to enter default and or motion for default judgment" against defendant Alfonso Fernandez. Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought after default has been entered against a defendant. See also New York

---

[1] Including involuntarily detained persons such as Johnson in the prisoner assignment plan allows for more efficient judicial handling of cases with common procedural concerns from litigants who are often repeat filers. For example, Johnson has filed not only this case, but also Johnson v. Santa Clara County, C 02-3279 SI, Johnson v. Babcock, No. C 03-235 SI, In Re. Johnson, C 03-3292 SI, Johnson v. Hunter, C 04-775 SI, Johnson v. Hunter, C 05-2064 SI, and Johnson v. Flores, C 05-4916 SI.

2

Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default.  This is a default judgment."); Lee v. Brotherhood of Maintenance of Way Employees, 139 F.R.D. 376, 380 (D. Minn. 1991). Plaintiff's motion for default judgment was premature because default had not been entered against defendant Fernandez.  Furthermore, the motion is defective in that plaintiff failed to serve a copy of it on defendants – his proof of service shows that it was only sent to the court. The motion for default judgment is therefore DENIED.  (Docket # 22.)

    IT IS SO ORDERED.

Dated: January 22, 2007

                                                                               _____
                                                                               SUSAN ILLSTON
                                                                           United States District Judge