UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY; et al.,<br><br>    Defendants.<br>_____ / | No. C 05-1628 SI (pr)<br><br>**ORDER** |

    Plaintiff's motion to dismiss his complaint against defendant Judge Alfonso Fernandez is GRANTED. (Docket # 40.) In light of that, defendant Fernandez's motion to dismiss the complaint is DISMISSED as moot. (Docket # 34.) Judge Alfonso Fernandez is dismissed from this action.

    Plaintiff's 53-page opposition to defendant Judge Paul Bernal's motion to dismiss is STRICKEN because it did not comply with the court's page limits on briefs. Under Local Rule 7-4, the legal brief in a motion or opposition may not exceed 25 pages and a reply brief may not exceed 15 pages. The court will permit plaintiff to file a replacement opposition brief that complies with the 25-page limit, provided that he files and serves it no later than **May 4, 2007**.[1] Plaintiff is reminded that Local Rule 7-4 also requires that any brief more than 10 pages in length must include a table of contents and table of authorities. Failure to file the brief will result in the motion being deemed unopposed. Defendant Bernal may file a replacement reply

---

[1] Plaintiff's pro se status does not excuse compliance with the court's page limits. Some procedural rules may be relaxed for pro se litigants, but a brief that is more than twice the limit is unacceptable regardless whether it was written by an attorney or an unrepresented litigant. The excessiveness of the length is more apparent when one considers that 53-page brief responds to a legal brief that was only 16 pages in length. It wastes limited judicial resources and is unfair to the many other litigants before the court for the court to have to read the prolix 53-page opposition brief (plus the 63-page first amended complaint) to decide the motion.

brief no later than **May 18, 2007**.

Plaintiff is reminded that discovery requests and responses are not supposed to be filed with the court when made. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

The parties are urged to not send letters to the court. If someone wants judicial action, that person should follow the normal motion procedure or explain in his letter why he/she did not do so. Additionally, cover letters with routine filings telling the clerk to file the documents enclosed are unnecessary; the clerk knows what to do with pleadings, motions and requests that come to the court in the mail or by hand-delivery.

IT IS SO ORDERED.

Dated: April 4, 2007

_____
SUSAN ILLSTON
United States District Judge

2