UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, JR., | No. C 05-1628 SI (pr) |
| Plaintiff, | **ORDER DISMISSING DEFENDANT BERNAL AND FOR STATUS REPORTS** |
| v. | |
| SANTA CLARA COUNTY; et al., | |
| Defendants. | |

## INTRODUCTION

Joseph Johnson, Jr., filed this pro se civil rights action under 42 U.S.C. § 1983. Defendant Judge Paul R. Bernal has filed a motion to dismiss and Johnson has opposed it. For the reasons discussed below, the court determines that Judge Bernal has absolute judicial immunity for the acts alleged in the first amended complaint. In light of that determination, the court does not reach the other arguments in the motion to dismiss. The court will grant the motion and dismiss defendant Judge Bernal from this action. The court also will require the remaining parties to file status reports.

## BACKGROUND

The acts and omissions that gave rise to this action took place while Johnson was in the Santa Clara County Jail awaiting further civil commitment proceedings under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. Johnson's 63-page first amended complaint named numerous defendants and complained of a wide range of problems in the conditions of confinement as well as the commitment proceedings. The only

part of the pleading relevant today is the portion concerning defendant Bernal, as his motion to dismiss is the only pending motion. In a nutshell, Johnson has sued Judge Bernal for ordering that Johnson be transferred back to Atascadero State Hospital from county jail while civil commitment proceedings that had been pending were stayed by an appellate court.

Johnson had been committed under the SVPA for a 2-year term from May 23, 2000 - May 23, 2002. First Amended Complaint ("FAC"), p. 8. The district attorney filed a petition to extend his commitment in April 2002. Johnson was transferred to the Santa Clara County Jail in May 2002 in connection with those proceedings. Id.

Defendant Paul Bernal is a Santa Clara County Superior Court Judge. Id. at 3. Johnson's 2004-2006 civil commitment petition was assigned to Judge Bernal in March 2004. Id. at 21. Johnson's 2002-2004 petition later was consolidated with that petition. Id. Judge Bernal presided over one or both actions in which the district attorney was petitioning to have Johnson civilly committed. Id.

While the civil commitment petitions were pending in Superior Court, Johnson filed a petition for a writ in the California Court of Appeal to challenge the civil commitment proceedings. On May 19, 2004, the California Court of Appeal issued an order setting a briefing schedule on Johnson's writ petition and staying all proceedings in the Santa Clara County Superior Court until further order of the California Court of Appeal. See FAC at 16 and Exh. B. On May 21, 2004, the district attorney and Johnson's attorney informed Judge Bernal of the California Court of Appeal's order for a stay "and the need to postpone any further hearings in this case." FAC at 16.

"On May 21, 2004, Judge Bernal issued an order to transport Mr. Johnson to Atascadero State Mental Hospital." Id. The decision was made after an ex parte proceeding at which neither Johnson nor his attorney were present but the district attorney was. There was not a probable cause determination that permitted transfer to Atascadero under Welfare & Institutions Code § 6602.5. FAC at 22-23. Johnson was transported from the county jail to Atascadero State Hospital on June 22, 2004. FAC at 22. Johnson's attorney tried to protest, but Judge Bernal

refused to hold a hearing because of the stay imposed by the California Court of Appeal. Id. at 22-23.

Johnson alleges that Judge Bernal violated his rights to due process and equal protection by sending him to Atascadero. He also alleges that Judge Bernal's decision to transfer him was pursuant to a conspiracy with the district attorney. See FAC 27.

## DISCUSSION

A.  Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In examining the sufficiency of the pleading, the court must liberally construe a pro se complaint. See Erickson, 127 S. Ct. at 2200.

B.  Absolute Judicial Immunity For Judge Bernal

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mireles v. Waco, 502 U.S. 9, 11 (1991). Whether an act by a judge is a judicial one relates to (1) the nature and function of

the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978); see, e.g., Mireles, 502 U.S. at 11-13 (judge's direction to court officers to forcibly bring person before him is function normally performed by judge and taken in aid of judge's jurisdiction over matter before him); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (judge absolutely immune for entering default judgment against prisoner who was not permitted to attend civil trial because entry of default judgment in a pending civil case is unquestionably a judicial act). Factors to consider in determining whether a particular act is judicial include whether: (1) the precise act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). Ruling on a motion and exercising control over a courtroom are normal judicial functions. Id. (judge who denied disability accommodation to litigant was absolutely immune).

There are generally two circumstances in which judicial immunity is overcome. The first is when the judge's act is not a judicial act. That is plainly not the situation here.[1] The second is when the judge acts in the clear absence of all jurisdiction. The real question is whether the second circumstance exists in this case.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 356-57 (citing Bradley

---

[1] Judicial immunity is overcome is when the act is a nonjudicial action. That is, a judge is not immune from liability for actions not taken in the judge's judicial capacity. See Mireles, 502 U.S. at 11 (citing Forrester v. White, 484 U.S. 219, 227-229 (1988) (no immunity for judge's decision to demote and dismiss probation officer); Hyland v. Wonder, 117 F.3d 405, 413 n.1 (9th Cir.), amended, 127 F.3d 1135 (9th Cir. 1997) (judge may lose protection of judicial immunity when performing administrative act). Judge Bernal's transfer order cannot seriously be considered a non-judicial act. This exception does not apply to this case

4

v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)); Mireles, 502 U.S. at 11; Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir.), cert. denied, 126 S. Ct. 2864 (2006) (Nevada judge who acted in excess of his jurisdiction when he modified a defendant's sentence to impose a longer term of incarceration "did not act in the clear absence of all jurisdiction," and is therefore entitled to absolute immunity).  As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

Judge Bernal is entitled to judicial immunity because his alleged acts were judicial in nature and not done in the clear absence of all jurisdiction. The first amended complaint discloses that Judge Bernal issued the order in question in Johnson's civil commitment proceeding over which Judge Bernal was presiding. The order was done following a proceeding in the courtroom that was memorialized in the clerk's minutes. FAC, Exh. C. The minutes noted that Johnson and his attorney were not present and that assistant district attorney R. Hey was present. The minutes indicated that the matter was considered in the courtroom with a court reporter and a clerk present. The minutes – done on a form apparently normally used for a criminal proceeding -- had handwritten notes, "DOC to transport defendant to Atascadero forthwith," and "remanded to Atascadero." Id. The "committed" box was not checked at the bottom of the form. The minutes also had a handwritten notation, "off the record, DA advises court that the court of appeals has issued a stay in this matter therefore motion to dismiss cannot be heard." Id. Even though Johnson and his attorney were not present at the proceeding, it was a judicial proceeding. Judge Bernal acted in his judicial capacity when he ordered that Johnson be transferred to Atascadero.

The general act of issuing orders regarding the custody and movement of a custodial litigant – e.g., a defendant in jail awaiting a criminal trial, a person who has been committed to a mental hospital, or a person detained during the pendency of civil commitment proceedings – is squarely within a judge's normal judicial duties. Orders of the "bring him here" and "send

5

him there" sort are routine for any court dealing with litigants in custody. If a court didn't have that authority, proceedings routinely would have to be cancelled or postponed based on the whims of the custodian who would feel free to fail to transport the custodial litigant. A custodian's failure to comply with those orders is occasionally the source of court proceedings as the court exercises its authority to make the custodian do that which he might otherwise choose not to do for the custodial litigant.

Johnson wants to focus on the specific order issued in his case, but that specificity is contrary to the rule that the court consider the judge's authority to perform the "general act" in question when deciding whether judicial immunity exists. Even if one did look at the specific act of sending a custodial litigant to a mental hospital, that too is a judicial act. Under state law, the judge has the authority to perform that general act, even if certain conditions must be present that allegedly were not present here. See, e.g., Cal. Penal Code §§ 1367(b), § 1369(a), 1370(a), 4011.6; Cal. Welf. & Inst. Code § 6602.5(a). In the SVPA civil commitment process it does not appear that a person can be sent or committed to a state mental hospital without a court order. See, e.g., Cal. Welf & Inst. Code § 6602.5(a), 6603, 6604, 6604.1. And a court order appears necessary for the person's early release from the SVPA civil commitment term. See Cal. Welf. & Inst. Code § 6608(d). The various factors mentioned by the Ninth Circuit in the Duvall decision also support a finding that Judge Bernal's act was judicial in nature: the transfer order occurred in the judge's court, the transfer order was in a case then pending before Judge Bernal, and Johnson's transfer occurred because of the judge's decision in his official capacity.

Plaintiff argues strenuously that Judge Bernal's actions were taken in complete absence of all jurisdiction, but none of his arguments are persuasive. He contends that the transfer order violated the stay imposed by the California Court of Appeal. An order issued in violation of a stay may be legally void, but is not necessarily done in complete absence of jurisdiction. Cf. In re. Christensen, 167 B.R. 213 (D. Or. 1994) (because state court's actions in violation of an automatic bankruptcy stay would be covered by absolute judicial immunity, an entity acting in quasi-judicial capacity to adjudicate claims similarly would be entitled to immunity). In fact,

6

Johnson's own attorney attempted to have further proceedings in the Superior Court (to undo the transfer order) notwithstanding the stay. Johnson also argues that the act was in clear excess of all jurisdiction because the order allegedly was incorrect under state law by transferring him to a mental hospital without a probable cause determination, see Cal. Welf. & Inst. Code § 6602.5. However, immunity applies "however erroneous the act may have been." Moore v. Brewster, 96 F.3d 1204, 1244 (9th Cir. 1996) (citations and quotation marks omitted). Johnson also points out that the transfer order was issued after an ex parte proceeding, but the fact that the transfer order was issued after an ex parte proceeding does not mean that it was in excess of the court's jurisdiction, let alone in clear absence of jurisdiction. See, e.g., Stump, 435 U.S. at 360 (judge immune for an order issued after ex parte proceeding without notice to the affected party and without a hearing); Harvey, 210 F.3d at 1012 (judge immune for issuing an ex parte order for destruction or disposal of antique gaming devices). The lack of formality in a court's consideration of a matter does not prevent it from being a judicial proceeding. See Stump, 435 U.S. at 360. Johnson's argument that Judge Bernal acted in a conspiracy with the district attorney does not help him, because judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party." Moore, 96 F.3d at 1244. Johnson's arguments about the harmful consequences to him of Judge Bernal's decision are not relevant to the immunity question; the gravity of the consequences does not strip away the immunity. See Stump, 435 U.S. at 363 (judge would not be deprived of immunity based on the "tragic consequences" of decision authorizing improper sterilization of a minor); Moore, 96 F.3d at 1244 (immunity applies, "'however injurious in its consequences it may have proved to the plaintiff'").

Accepting all the allegations of the First Amended Complaint as true, Judge Bernal has absolute judicial immunity for the claims asserted against him. This bar to suit is not something that can be cured by further amendment of the pleading. Leave to amend will not be granted because it would be futile.

## CONCLUSION

Judge Paul Bernal has absolute judicial immunity for the acts alleged in the complaint. His Rule 12(b)(6) motion is GRANTED. (Docket # 25.) Judge Bernal is dismissed from this action.

No later than **September 7, 2007**, the remaining parties must file and serve status reports indicating what discovery remains to be done, the amount of time needed for discovery, whether any further motions will be filed, when they will be ready for trial, and the expected length of the trial. The status reports need not be jointly prepared and may not exceed five pages in length.

IT IS SO ORDERED.

Dated: August 6, 2007

_____
SUSAN ILLSTON
United States District Judge