**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHNSON, JR.,

    Plaintiff,

    v.

SANTA CLARA COUNTY; et al.,

    Defendants.
_____/

No. C 05-1628 SI (pr)

**ORDER DENYING MOTION TO AMEND; SCHEDULING DISPOSITIVE MOTIONS AND DISCOVERY CUT-OFF**

## INTRODUCTION

This pro se civil rights action under 42 U.S.C. § 1983 is now before the court for consideration of Joseph Johnson's motion to amend and supplement the first amended complaint he filed three years ago. For the reasons discussed below, the court will deny the motion. The court also will set a discovery cut-off and set a briefing schedule for dispositive motions.

## BACKGROUND

The acts and omissions that gave rise to this action took place while Johnson was in the Santa Clara County Jail awaiting civil commitment proceedings under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. Johnson's 63-page first amended complaint named numerous defendants and complained of a wide range of problems in the conditions of confinement as well as the commitment proceedings. He currently is in custody at the state hospital in Coalinga following his commitment under the SVPA.

Johnson states in his motion to amend that "[t]his Court found that, liberally construed, Plaintiff had set forth sufficient allegations in the amended complaint to state a cognizable claim

under Section 1983 for denial of the protection to which Plaintiff is entitled under the Due Process and Equal Protection Clause." Motion To Amend, p. 5. That is false. The court has never determined that any cognizable claim has been pled in this action. The actual situation is that, because Johnson is not a prisoner within the meaning of the PLRA and paid the filing fee, there was no occasion for the court to do an initial review of his case under either 28 U.S.C. § 1915 or § 1915A.[1]

Thirty-two months after the first amended complaint was filed, and almost three years after the action originally was filed, Johnson filed a "motion for amended and supplement [sic] pleading of plaintiff" (hereinafter, "motion to amend"). As Johnson describes it, he wants to make an "amended and supplement pleading in regard to the Second and Third claims for relief, and additional Pleading and Claims that where not fully and or not plead or claimed." Motion, p. 2 (errors in source). Defendants have opposed the motion.

## DISCUSSION

A.   Motion To Amend

   1.   A Supplemental Pleading Will Not Be Permitted

Federal Rule of Civil Procedure 15(d) allows for a party to supplement his pleading "upon reasonable notice and upon such terms as are just" to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted). The court may deny a motion to supplement when the supplemental pleading could be the subject of a separate action. See id. The court also may consider whether permitting the supplemental pleading will promote judicial efficiency. See id.

---

[1] The only part of the first amended complaint the court has examined was that part necessary to decide the motion to dismiss filed by a state court judge who had been named as a defendant. That state court judge was dismissed because he had absolute judicial immunity. A second state court judge was dismissed at plaintiff's request.

2

...

The court will not permit Johnson to supplement his first amended complaint because it would be contrary to the interests of justice. Johnson has been in and out of the Santa Clara County Jail several times in the last several years, and will continue his periodic visits to that facility for the foreseeable future for civil commitment proceedings. He has not been in the jail continuously and, in fact, was moved from the jail to a mental hospital within days of filing this action. Allowing him to file a supplemental pleading will delay the resolution of this action substantially. As is abundantly evident from Johnson's motion and especially his reply brief (docket # 56), he does not have a firm grasp on the scope of this action, does not have a firm grasp of the details of the acts and omissions he wants to include in a supplemental complaint, and does not know the identities of the 124 Doe defendants he wants to add. Three years after an action has been filed is a time when the scope of the dispute should be crystal clear, yet Johnson wants to supplement his pleading to blur the scope of the action and make it more difficult for the parties to resolve. A supplemental pleading also will require the parties to do further discovery.

Denying leave to supplement does not impede Johnson's legal rights because he may file another action pertaining to his later stays in the jail, i.e., the rights violations that allegedly occurred after this action was filed in April 2005 could be the subject of a separate action. Since Johnson was transferred out of the jail within days of filing this action, that departure from the jail provides a sensible and easily understood division point for his claims. This action does not include (and therefore does not bar) claims pertaining to events that occurred in and after April 2005.

### 2. Amendment Will Not Be Permitted

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." In considering whether to grant or deny a motion seeking leave to amend a complaint, the court may consider whether there is bad faith, undue delay, prejudice to the opposing party, futility in the amendment, and whether plaintiff has previously amended his

3

complaint. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Johnson's motion to amend is difficult to describe in a concise way as it attempts to do so many different things: add new defendants, amplify on existing legal claims, make legal arguments about why his motion should be granted and why he should prevail on his first amended complaint, and add many new causes of action. The motion to amend makes generalized allegations about various conditions Johnson found disagreeable at the county jail in his several stays there.

Defendants pointed out in their opposition that the absence of dates and details prevented them from being able to see whether Johnson intended to supplement or amend the existing claims so they could form a response and determine what parts had been superseded. Johnson then filed a reply brief that revealed how little he understood his proposed new and additional allegations. Johnson's near-complete unwillingness to provide specifics three years after he filed the action is alarming: he will not commit to separating the supplemental allegations from the amending allegations and instead suggests that defendants ought to be able to do so or ought to figure it out through discovery. See Reply, p. 2. There is no legal support for his "amend now and figure it out later" approach. The existence of prejudice to a defendant is a ground to deny leave to amend; it would be unfair to allow a plaintiff to defeat defendants' ability to show prejudice by depriving them of the information necessary to do so. The court therefore concludes that the prejudice factor weighs in favor of defendants.

Leave to amend will be denied for the additional reason that there has been an undue delay. The claims and matters Johnson seeks to add by way of amendment pertain to acts and omissions that are obviously things he would have noticed as they occurred, such as the search procedures, the limits on visitation, the kind of housing unit he was placed in, and the mail services. Not only has there been an extreme delay (as the events to be included in the amendment occurred more than three years ago), Johnson has not offered any real explanation to justify the delay. Any argument that he only recently discovered the claims simply begs the question why he did not discover them three years ago. Not only has there been an extreme and

4

unexplained delay in asserting the claims, there would be substantial further delay as the parties undertake additional discovery to develop the evidence relating to those claims – the need for discovery is mentioned in the reply brief as one of the solutions for the indefiniteness of his proposed amendment. See Reply, p. 2:10-14.

Leave to amend to add lieutenant Taylor as a defendant and to add new or more allegations against him will be denied. In his motion, Johnson states that lieutenant Taylor has been identified since he was mentioned in the first amended complaint but elsewhere indicates he is a new defendant. If Taylor has been a defendant since the filing of the first amended complaint, the problem is that the court ordered Johnson to serve all defendants no later than January 26, 2007 and that any defendant not served by that deadline would be dismissed. See Sept. 26, 2006 Order Re. Service Of Process, p.2. Johnson inexcusably failed to comply with the court order to serve him by the deadline and Taylor should be dismissed. On the other hand, if Taylor was not a defendant in the first amended complaint, Johnson has not satisfactorily explained why he had included allegations against Taylor but chose not to identify him as a defendant until three years later. Deliberately refraining from naming an alleged wrongdoer as a defendant for three years suggests bad faith rather than inadvertence.

Leave to amend also will not be permitted to add the Doe defendants Johnson appears to be trying to add. (He is not attempting to provide the true names of existing Doe defendants, but instead wants to add unknown Doe defendants to the action.) Using a Doe defendant designation as a place-holder for a defendant when the plaintiff does not know the name of the person he wishes to sue is generally permissible.[2] However, it creates its own problem in that the person cannot be served with process until he is identified by his real name. Here, Johnson does not include allegations against the Doe defendants individually, but rather lumps the 124 Doe defendants together. His motion to amend reflects that he has no idea who these people are,

---

[2]If there are multiple unknown persons, each unknown person must be identified as a separate John Doe, e.g., John Doe #1, John Doe #2, etc. so that eventually each John Doe defendant can be replaced by a separate person when his or her true name becomes known.

nor what exactly any of them did that caused a violation of his rights. There has been an unexplained and undue delay in adding these defendants. It is not in the interests of justice to permit a plaintiff to add Doe defendants at this late date so that three years after the action was filed the plaintiff can begin his quest to figure out who these people are and what they did.

Johnson also apparently wants to lengthen his already verbose pleading with further argument. See, e.g., Motion To Amend, ¶¶ 22, 24, 25. One of the reasons his first amended complaint is so long is that it has so much legal argument in it. A complaint (or amended complaint) should allege what happened that caused a violation of the plaintiff's rights and should not argue why the plaintiff should prevail. Legal argument is not properly included in a pleading, and amendment will not be permitted for that purpose. Nor will amendment be permitted for the purpose of asking the court to take judicial notice.

The motion to amend is denied. The operative pleading remains the first amended complaint. All defendants that have not yet been served are DISMISSED from this action.

B.   Scheduling

The parties filed status reports a year ago in which they indicated that discovery was underway. The parties indicated that discovery would be concluded before dispositive motions would be filed. The parties have now had at least an additional year to do that discovery. Also, the first amended complaint will remain the operative pleading. It therefore appears that this case should be nearing resolution, whether it be by dispositive motion or trial. The court therefore will set a discovery cut-off and a dispositive motion briefing schedule.

**CONCLUSION**

1.   The motion to amend is DENIED. (Docket # 53).

2.   All discovery must be completed no later than **December 5, 2008**.

3.   In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

6

a. No later than **December 5, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 9, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 30, 2009**

IT IS SO ORDERED.

Dated: October 21, 2008

_____
SUSAN ILLSTON
United States District Judge